Matthias, J.
 

 The question of law presented by. the record in this case is whether, when the names of four or more persons stand upon an eligible list for appointment to a designated position in the classified service and number three of those certified from such list by the state Civil Service Commission for such appoint
 
 *70
 
 ment waives his right to such appointment in favor of number four but withdraws such waiver prior to the certification of the name of number four, the Civil Service Commission will be required by a writ of mandamus to certify the name of number four for such appointment.
 

 Mandamus may be issued only to require “the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.” Section 12283, General Code. It is elementary, too, that it is incumbent upon relator to show a clear legal right in his favor and a manifest duty of the respondent to perform the act demanded.
 

 "Whether there is such right and corresponding duty in this case must be determined from an examination of the provisions of Sections 186-12 (106 Ohio Laws, 108) and 186-13, General Code, and Sections 1 and 2 of Rule YII of the Civil Service Commission.
 

 The provisions of Section 186-12, General Code, authorize the state Civil Service Commission to prepare an eligible list from the returns of a competitive examination, and require that persons take rank thereon in the order of their relative merit as disclosed by such examination. It is required by the provisions of Section 186-13, General Code, that the appointing authority, before making an appointment to a position in the classified service, shall call upon the Civil Service Commission for a certification of the names and addresses of the three candidates standing highest, on the eligible list for the class or grade to which such position belongs. It is therein further provided that the appointing officer shall fill such position by appointment “only from those persons whose names are certified to the appointing officer.”
 

 It is perfectly clear from these statutory provisions not only that the respondent administrator had no duty to appoint the relator but also that he had no right or power to make such appointment in the absence of a
 
 *71
 
 certification by the Civil Service Commission of the name of the relator as eligible for appointment to such position. Such appointment can be made only from those persons whose names are certified to the appointing officer in accordance with the provisions of the statute. Knowledge of the relator or of the appointing authority of the proposed waiver in favor of relator, which, it may be observed, was dated a day subsequent to the announcement of relator’s appointment, would not dispense with the necessity of the certification in accordance with the requirement of statute.
 
 State, ex rel. Hart,
 
 v.
 
 Board of Commrs. of Hocking County,
 
 101 Ohio St., 336, 128 N. E., 286.
 

 The provisions of the rules of the commission referred to consist merely of an abridged form of statement of the statutes above considered, with an addition of a specification of the method of certification when more than one appointment is to be made.
 

 There is no statutory provision requiring the state Civil Service Commission' to conform to the precipitant action of the appointing authority demonstrated in this instance by his appointment of one not certified for such position prior to the date of a waiver in his favor somehow procured from one who had been duly certified and who, ten days later, filed a withdrawal of such waiver, which was prior to any action taken upon such waiver or cognizance thereof by the state Civil Service Commission. It follows that the relator has shown no clear legal right to a certification of his name for appointment as of December 6, 1938. The writ is accordingly denied.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Hart, JJ., concur.